UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-07493-WLH-PD | Date | September 4, 2025 |
|---|---|---|---|
| Title | *Pama IV Properties LP v. Kevin Cervantes et al* | | |

Present: The Honorable **WESLEY L. HSU, United States District Judge**

| Holidae Crawford | None |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:** **(IN CHAMBERS) ORDER RE NOTICE OF REMOVAL [1] AND EX PARTE APPLICATION TO REMAND CASE [6]**

The Court is in receipt of Defendants' Notice of Removal ("Notice") and Plaintiff's *Ex Parte* Application to Remand Case (the "Application"). (*See* Docket Nos. 1, 6). In the Application, filed on September 3, 2025, Plaintiff requests immediate relief via remand of the unlawful detainer action to state court for a lack of subject matter jurisdiction. (Application at 9–10). For the following reasons, the Court **REMANDS** the action to state court and **DENIES** the Application as moot.

On July 12, 2025, Plaintiff Pama IV Properties LP ("Plaintiff") filed an unlawful detainer action in the Superior Court of Los Angeles County against Defendants Kevin Cervantes and Maria Guadalupe Cano Marquez ("Defendants"). (Notice at 8). The dispute concerns a property in Bellflower, California owned by Plaintiff and leased to Defendants as part of a month-to-month tenancy. (*Id.* at 9). Defendants filed their Notice of Removal with this Court on August 12, 2025, asserting federal question jurisdiction under the "Protecting Tenants at Foreclosure Act of 2009" ("PTFA"). (Notice at 2). Defendants did not allege diversity jurisdiction. Plaintiffs responded to the Notice with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

their *Ex Parte* Application for Order to Remand Unlawful Detainer to State Court, triggering this Order.

As courts of limited jurisdiction, federal courts retain subject matter jurisdiction only over matters "authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Courts have an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Accordingly, if at any juncture, a court determines a defect in subject matter jurisdiction, it may remand the case summarily. 28 U.S.C. § 1447 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). For civil actions "arising under" federal law, the Court has original jurisdiction. 28 U.S.C. § 1331. Valid removal based on federal question jurisdiction is governed by the "well-pleaded complaint" rule: federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

The instant action requires the Court to evaluate its subject matter jurisdiction unilaterally. Defendants' assertion of the "Protecting Tenants at Foreclosure Act of 2009" is insufficient to create federal question jurisdiction. *First*, that statute expired at the end of 2014. *See* P.L. 111-22, section 704, as extended by section 1484 of P.L. 111-203 ("This title, and any amendments made by this title are repealed, and the requirements under this title shall terminate, on December 31, 2014."). *Second*, to the extent that statute offers a defense against Plaintiff's action, that alone does not provide the Court with a basis to assert federal question jurisdiction. *See Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908); *Reyes v. Villela,* No. 2:21-cv-09362-SB-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

AFMx, 2021 WL 7286042 (C.D. Cal. Dec. 7, 2021) (finding no federal question jurisdiction over a state law unlawful detainer action where the notice of removal raised the Protecting Tenants at Foreclosure Act of 2009).   *Third*, the Ninth Circuit made clear that the PTFA "does not create a private right of action allowing [plaintiff] to enforce its requirements."  *See Logan v. U.S. Bank Nat. Ass'n*, 722 F.3d 1163, 1164 (9th Cir. 2013).

The Notice of Removal also fails to allege diversity jurisdiction.  Diversity of citizenship aside, the Complaint explicitly states that the amount in controversy does not exceed $10,000.  Defendants have set forth no factual allegations in their Notice suggesting otherwise.

Accordingly, because this Court lacks subject matter jurisdiction, the Court **REMANDS** the action to state court and **DENIES** Plaintiff's *Ex Parte* Application as moot.[1]

**IT IS SO ORDERED.**

---

[1] The Court need not delve into the necessity of emergency relief via Plaintiff's Application as it has independent grounds for remanding this action to state court.